NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| BOBBY SHEPHERD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 05-247-DCR |
| ) | |
| V. ) | |
| ) | |
| WEST VIRGINIA, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

*** *** *** *** ***

The plaintiff, a non-prisoner, has brought this fee-paid action *pro se*. His Complaint, in part, states this "[c]ase has to do with lost government checks lost insurance payments state case the old on the new state 55 model in government wrong on Robert." Based upon the medical records and documents that accompany the Complaint, it appears the plaintiff suffers from chronic paranoid schizophrenia and bronchitis and has unsuccessfully been attempting to collect black lung benefits.

*FEDERAL RULES OF CIVIL PROCEDURE 8(A) AND 8(E)*

The plaintiff's Complaint is incomprehensible, confused, and unintelligible. It consists of eleven pages of notebook paper, each containing a few words or comments, and multiple exhibits, the purposes of which are not set forth. No federal constitutional claim is alleged and none is identifiable. It is unclear which, if any, of the eight named defendants has any responsibility for any perceived wrongdoing.

At the outset, this Court readily acknowledges that a *pro se* Complaint should be held to a less stringent standard than that submitted by an attorney and should be construed as alleging all

fairly and reasonably inferred claims. *See e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, Federal Rule of Civil Procedure 8 imposes limits on the degree of "less stringency" or liberality which is required.

> Federal Rule of Civil Procedure 8(a) sets forth in pertinent part:
>
> (a) Claims for Relief.  A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Relief in the alternative or of several different types may be demanded.

Federal Rule of Civil Procedure 8(e) reads, in pertinent part:

> (E) Pleading to be Concise and Direct; Consistency.
> (1) Each averment of a pleading shall be simple, concise, and direct . . .
> (2) A party may set forth two or more statements of a claim . . . alternately or hypothetically, either in one count . . . or in separate counts . . . A party may also state as many separate claims . . . as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

The plaintiff's complaint does not meet the standards of Fed.R.Civ.P. 8.  Therefore, it must be dismissed without prejuduce. *Finklea v. United States*, 87 A.F.T.R.2d 2001-1501, 2001-1 USTC P 50, 302; 2001 WL 103005 (S.D. Ala.., Jan. 30, 2001); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782 (N.D. Texas, Sept. 19, 2000); *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D. Texas 1990); *Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987); *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982); *Moore v. United States*, 193 F.R.D. 647 (N.D. Cal. June 29, 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987)); *Parker v. Debuono*, 2000 WL 223841 (S.D.N.Y. Feb. 25, 2000); *Hedgewood v. Blanton*, 1995 WL 646217 (N.D. Ill, Nov. 2, 1995); *Small v. Endicott*, 998 F.2d 411, 417 (7th Cir. 1993); *Vicom, Inc. v. Harbridge Merchant Services*, 20 F.3d 771, 775 (7th Cir. 1994); *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir.), *cert. denied*, 114 S.Ct.

193 (1993); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990): *Ellis v. Neeley*, 1995 WL 32632 (N.D. Ill. Jan. 25, 1995); *Verlan, Ltd. v. John L. Armitage & Co.*, 695 F.Supp. 955, 957 (N.D. Ill. 1988); *Clemens v. Smith, et al.*, 1997 WL 461991 (N.D. Ill, Aug. 5, 1997).

## CONCLUSION

The Court being sufficiently advised, it is hereby **ORDERED** that this action is **DISMISSED**, *sua sponte*, without prejudice and **STRICKEN** from the Court's docket.

This 20th day of June, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge